CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court:
Warfield had sold to J. G. Harrison, the husband of appellant, a house and lot in Owensboro, and gave his title bond for a conveyance on the payment of the remaining purchase price of one thousand five hundred dollars.
Harrison was the sheriff of Daviess county, and became a debtor to the Commonwealth, which was reduced to judgment, and execution issued thereon and placed in the proper officer’s hands for collection, when Harrison surrendered, in writing, said house and lot, to be sold in satisfaction thereof, which the sheriff sold, subject to the outstanding purchase price, when Griffith purchased it at three thousand and eighty-seven dollars and fifty cents, and afterwards purchased Harrison’s note to Warfield for the unpaid purchase price; subsequently to which, he filed a petition, under our statute, setting out all these facts, and asserting his legal lien for both sums, and asking a judgment of sale from the chancellor. He also presented various other claims which Harrison owed him, but upon which Harrison had never surrendered the house and lot to be sold. Judgment by default was rendered on all these claims, and a sale of the house and lot ordered. The commissioner did sell, and Griffith again became the purchaser at four thousand two hun *148 dred dollars; after which, and before any confirmation of the sale, Harrison died, and his widow and heirs were, by amended petition, made parties, when she came in and claimed dower, but which the court adjudged against her, and of which she complains.
It is well settled that she is not entitled to dower as against the vendor’s lien of one thousand five hundred dollars.
The execution for two hundred and forty-four dollars and seventy-seven cents, and four hundred and fifteen dollars and fifty-seven' cents, due the Commonwealth, upon which Harrison surrendered the house and lot to. be sold, was not only a lien claim by virtue of our statute (2 Stant. Rev. Stat., 262), but his surrender in writing must be regarded as so far an alienation of the equitable title; but only so far. His surrender to pay the debts due the Common wealth was not a surrender to pay debts not then in execution, nor in the officer’s hands. Neither was the judgment of sale by the chancellor, nor the commissioner’s sale thereunder, until confirmed, and the deed made in pursuance thereof, an alienation of the equitable title; therefore, the widow and heirs were essential parties to the suit before the court could consummate Griffith’s inchoate purchase at the commissioner’s sale, he then only standing as a preferred bidder.
It is an inevitable result, therefore, that as Harrison died seized of the property, his widow is entitled to be endowed after the payment of the preferred vendor’s liens and the debts due the State. As the property is presumed to be indivisible, and was properly sold, she will be entitled to the use for life of one third of the remaining purchase money, by giving bond with security, to be approved by the court, for its return at her death, which the court from time to time may cause to be renewed, or *149 may invest it and pay its proceeds to her, else pay her absolutely what her dower interest is worth, rated by the American annuity and life tables, taking into consideration her age, health, and probable duration of life.
Wherefore, the judgment is reversed, with directions for further proceedings as herein indicated.