CASE 53—EQUITY—OCTOBER 4.

# ˙Clift, Etc. v. Newell.

### APPEAL FROM MASON CIRCUIT COURT.

PETITION—DEMURRER—DEFENDANT IMPROPERLY NAMED AS GUAR-
DIAN.—It is error to sustain a general demurrer to a petition
which states a cause of action against the defendant individually merely because in the caption he is improperly named as
guardian.

COCHRAN & SON FOR APPELLEE.

No liability is shown against the defendant Newell as guardian of the plaintiff.

E. L. WORTHINGTON FOR APPELLANTS. (A. A. WADSWORTH OF
COUNSEL). ·

1. The demurrer to the petition should have been sustained. The
addition of the word "guardian" in the caption was mere matter
of description. King v. Beeler, 4 Bibb, 83.
2. Appellee, as administrator, *de bonis non, cum tes. an.*, was testamentary guardian of Letitia Clift. Ky. Stats., sec. 3892.
3. W. R. Newell, by assuming to act as guardian of his sister, Letitia,
assumed the same responsibilities as if he had been regularly
appointed. Hanna v. Spotts' Heirs, 5 B. M., 362.

J. N. Estep v. J. E. Hammons.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

By the will of Robert H. Newell, probated in 1865, he devised specifically to each of his four sons and one daughter real property, valued by him at $14,000, giving to his executors the power to manage and control such property during the minority of each of them, and generally, all his other property. But by a codicil he provided that when each of his children arrived of age, and received his or her portion of his estate, the special devise of real estate should be valued by three disinterested persons, chosen by his executors or appointed by the court; and if their valuation differed from his, and would make such child's portion unequal, the amount of such inequality was to be made up or deducted from such one thus arriving at age and receiving his or her portion, and so on until each child arrived of age and until a final distribution was made. It was also provided that his children should be in charge of his executors, who were in terms appointed their testamentary guardians during their minority in connection with their executorship of his will. Chas. B. Coons and the testator's widow, Eliza Jane Newell, were appointed executors, but no bond was required of them. Subsequently, the widow having died, John A. Nelson was appointed sole administrator with the will annexed. But in 1874, W. R. Newell was appointed administrator with the will annexed, Nelson having resigned or been displaced, and assumed the sole control of the estate and duty of executing the will. In 1893, Letitia N. Clift, daughter and devisee of Robert H. Newell, united with her husband, C. B. Clift, brought this action against W. R. Newell to recover the following sums:    (1)  $1,400, which she alleged in her petition W. R. Newell, as administrator with the will annexed, illegally took from her

portion of the estate, and paid over to her brother Simon Newell, without any previous valuation by appraisers selected or appointed as provided in the will, which is filed as an exhibit of the petition; (2) $2,000, alleged amount of rents of her portion of the estate collected by him during her infancy and unaccounted for; (3) $600 devised to her by her mother, Eliza Jane Newell, and collected by him and unaccounted for—it being alleged in the petition that, although he was not appointed administrator with the will annexed of his and her mother's estate, he took possession of and controlled it, as if administrator duly appointed and qualified. There is filed with the petition, as an exhibit, a copy of a settlement with the County Court of the accounts and transactions of W. R. Newell, administrator with the will annexed of Robert H. Newell. By that settlement he is credited with the $1,400 sued for, but to that extent appellant seeks to have said settlement surcharged and corrected. But in said settlement he is charged with the $2,000 sued for. To the petition a general demurrer was filed, and from the judgment sustaining the demurrer and dismissing the action this appeal is prosecuted.

The only ground for that demurrer suggested by counsel is that, as appears alone from the caption, this action was brought against appellee as guardian, when in fact he was not, as appears from the petition and exhibits, her guardian. That caption is in form as follows: "C. B. Clift and Letitia Clift, his wife, plaintiffs, against Wm. R. Newell, guardian of Letitia Clift, defendant. Petition in Equity." Waiving the question whether, when he qualified as administrator with the will annexed, he became simultaneously, without so qualifying, testamentary guardian of appellant, it is unquestionably true, according to

the allegations of the petition, that he did in virtue of his office as administrator, take possession and control during her infancy of the estate devised to her, and therefore became accountable to her for the amount that went into his hands. This, however, is not an action on a guardian's bond, for he never executed one, nor on his bond as administrator, for he was not required to execute one, whereby the rights of third parties as sureties would be involved, but the facts, as stated, constitute a cause of action against him individually; and being summoned, and having notice of such cause of action, it is immaterial that he is designated in the caption as guardian. The ground, and only ground, of a general demurrer to a petition, is that it does not state facts sufficient to constitute a cause of action against the defendant. In this case the facts stated do constitute, *prima facie*, three distinct causes of action, properly united in one petition, against appellee individually, and it was error to sustain the demurrer. Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.