## Berger et al. v. Berger et al.

(Decided May 12, 1936.)

226

A. Y. MARTIN for appellants.

L. B. ALEXANDER for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

William F. Berger died intestate July 5, 1933, a resident of McCracken county. He left surviving him a widow, Dollie Berger, and four children by former marriages; Finley Berger, a child by his first marriage, and William Berger, Albert Berger, and Mary Ellen Berger, children by his second marriage. He and Dollie Berger were married in 1923, and they had no children.

At the time of his death he owned a lot fronting 50 feet on Elizabeth street, in Paducah, on which the residence was located, and an adjoining lot fronting 60 feet on the same street. Besides his wife, there resided with him, at the time of his death, his two sons, William Berger and Albert Berger, and Dollie Berger's two infant children by a former marriage. Dollie Berger qualified as administratrix of her husband's estate, and on February 28, 1934, the children of William F. Berger brought this action to have the real estate sold on the ground of indivisibility and the proceeds divided equally amongst the plaintiffs, after allotting dower to the widow. Dollie Berger answered, denying that the lot on which the residence was located was worth more than $1,000, and she asked that it be assigned to her as a homestead. She consented to the sale of the adjoining lot fronting 60 feet on Elizabeth street, and asked that she be allotted dower out of the proceeds. She also alleged in her answer that at the time of the death of William F. Berger the real estate was under mortgage to the Equitable Life Assurance Society of the United States, and that there was a balance of $872.30 due on the mortgage indebtedness which

she had paid out of a certain policy of insurance carried in the Equitable Life Assurance Society by William F. Berger, and payable, in the event of his death, to her as beneficiary. She asked to be subrogated to all the rights of the Equitable Life Assurance Society and that she be adjudged a lien against the real estate for the sum of $872.30. The circuit court denied her claim for subrogation to the right of the mortgagee and ordered the real estate sold and the proceeds divided equally amongst the plaintiffs, after paying· to Dollie Berger the value of her dower interest, and she has appealed. She insists that the court erred in refusing to adjudge her a lien for the sum of $872.30 and in failing to set aside to her, as a homestead, the residence and the lot upon which it is located.

On May 1, 1927, William F. Berger borrowed from the Equitable Life Assurance Society the sum of $1,800, and, in order to secure the payment of the indebtedness, he executed to it a mortgage upon the lot upon which the residence stood. On the same day the Equitable Life Assurance Society issued to him a policy on his life for $1,800. Dollie Berger was named the beneficiary in the policy. The policy was pledged to the Equitable Life Assurance Society, in order to secure the loan of $1,800, and the written assignment of the policy as collateral security was signed by Dollie Berger. She also signed the mortgage which provided for the assignment of the policy of life insurance to the mortgagee as collateral security for the payment of the loan. The ninth clause of the mortgage reads:

"It is further agreed that the party of the second part may resort for the payment of the said principal moneys, premium and interest to its several securities therefor in such manner as it may think fit."

The eleventh clause reads:

"It is furthermore agreed that if said policy of insurance be still in force, the indebtedness secured hereby shall become immediately due and payable upon the death of the insured, and the party of the second part shall apply toward the payment thereof the amount due from it under the terms of said policy and pay over the balance, if any, to such person or persons as may be legally entitled thereto."

The policy reserved to the insured the right to change the beneficiary.

Upon the death of William F. Berger, the Equitable Life Assurance Society first paid to itself, out of the proceeds of the policy, $872.30, the balance due it on the mortgage, and paid to Dollie Berger the balance of the proceeds. It is claimed by appellant that the balance due on the mortgage debt was paid out of the proceeds of the life insurance policy which belonged to her as the beneficiary named in the policy, and that therefore she is entitled to be subrogated to the right of the mortgagee to a lien on the real estate. Precisely the same question was decided adversely to her contention in Kash's Ex'r v. Kash, 260 Ky. 508, 86 S. W. (2d) 273, 276. The provisions of the mortgage in that case and the provisions of the mortgage in the case before us are the same. In the course of the opinion in the Kash Case we said:

> "Plainly, the language of the mortgage herein is broad enough to convey the intention of the insured, and to establish his and the Equitable's agreement that in the event of his death, for the Equitable to utilize the proceeds of the policy for the payment of the latter's debt before resorting to the enforcement of the mortgage on the real estate. And the designated beneficiary is bound thereby even as against the insured's estate. This theory is authorized and sustained by the language of the mortgage and is in harmony with the provisions of the policy and the insured's assignment of it to the Equitable."

Considerable proof was introduced as to the value of the house and lots, and one witness for the appellant placed it as low as $1,250. The great majority of the witnesses, however, fixed the value of the real estate from $2,500 to $3,500. Appellant admits that $1,500 of the proceeds of the loan obtained on May 1, 1927, was applied to improvements on the residence. During the pendency of the action, the house was damaged by fire, and the insurance carrier settled the loss for $900; $881 of this sum was used in making repairs. A number of witnesses testified that the damage by fire amounted to not less than 25 per cent. nor more than 33 1/3 per cent. of the value of the property. It is

reasonably clear from the evidence that the property is worth far more than $1,000, and the circuit court did not err in ordering it sold.

Appellant claimed homestead in part of the property and dower in the balance. She cannot claim both, and her action did not amount to an election. A widow may elect to take either homestead or dower in the land of her deceased husband, and, when she elects, she is bound by her election. Phillips v. Williams, 130 Ky. 773, 113 S. W. 908; Freeman v. Mills, 59 S. W. 3, 22 Ky. Law Rep. 859. If the deceased husband's real estate is worth $3,000 or more, the widow's dower right is more valuable than her homestead right, since the latter is a mere right of occupancy which may be lost by abandonment or alienation, while the dower is a vested interest. Brandenburg, v. Petroleum Exploration, 218 Ky. 557, 291 S. W. 757. Having failed to make a valid election, the circuit court, under the circumstances, did not err in adjudging her dower in all of her deceased husband's real estate. Furthermore, two of the appellees were infants when their father died and when this action was brought, and, if a homestead had been allotted, they would have been entitled to use and occupy it jointly with the widow. Ky. Stats., sec. 1707.

It is suggested that appellant's age is erroneously fixed in the judgment, but, if so, the error can be corrected when the order of distribution is entered.

The judgment is affirmed.