## Maryland Casualty Co. v. Lewis.

Jan. 10, 1939.

264

GOLDEN & LAY and J. J. TYE for appellant.

J. D. TUGGLE for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

S. L. Lewis, deceased, was sheriff of Knox County for the years 1926 to 1929, inclusive. Appellant, Maryland Casualty Company, signed the bonds required of

him as sheriff during those years. Lewis defaulted in funds due Knox County and the Knox County Board of Education. Both the county and the board of education sued the administrator of the estate of S. L. Lewis and the Maryland Casualty Company to recover for the defalcations. Those questions were before us in the cases of Knox County et al. v. Lewis' Adm'r, 253 Ky. 652, 69 S. W. (2d) 1000, and Knox County et al. v. Lewis' Adm'r, 260 Ky. 254, 84 S. W. (2d) 25. On the third trial concerning Lewis' defalcations judgment was entered in favor of the county and the board of education for $30,000. The Maryland Casualty Company paid off that judgment and was subrogated to the claims of the taxing districts.

In October, 1931, appellant filed this action against appellee, Martha Lewis, widow of S. L. Lewis, and the other heirs, seeking to subject certain real estate allegedly owned by Lewis at the time of his death to its claim for reimbursement for the payment of the $30,000 judgment. At the conclusion of all the evidence judgment was entered by the special trial judge May 28, 1938 as follows:

(1) It was adjudged that appellee is entitled to dower in all the lands owned by S. L. Lewis at the time of his death, including the lands that appellee claimed under a deed executed to her by S. L. Lewis on December 16, 1925, but which deed was not recorded until 1934, with the exception of those lands which appellee had joined with her husband in conveying. It was adjudged, however, that the property allotted to her could be sold subject to her dower.

(2) Appellant was adjudged a lien for $30,000, subject to appellee's claim for dower, against the property of S. L. Lewis. The execution of the deed of December 16, 1925, from S. L. Lewis to appellee, Martha Lewis, passed the title to the land embraced therein and it was adjudged to be genuine and not fraudulent and void. It was further adjudged, however, that Martha Lewis is estopped from claiming the lands conveyed in this deed as against the lien of the Company, but not so estopped as to affect her dower therein.

(3) Delinquent taxes against all of the property in question for the years 1934 to 1938, inclusive, amounting to $1575.49, were apportioned 21% against appellee, a woman 50 years of age, and 79% against appellant. It

was directed, however, that appellee's portion of the taxes should be deducted from the land set aside for her as her dower and that the other lands sold by the commissioner were to bear all of the delinquent taxes.

(4) Appellant's claim to an interest in the personal estate of S. L. Lewis was dismissed without prejudice.

(5) Appellant's claim for $10,000 alleged to have been taken out of tax funds was dismissed.

(6) Appellant was directed to pay three-fourths of the costs in the action, the remaining one-fourth to be assessed against appellee. From the parts of this judgment adverse to it, the Maryland Casualty Company appeals.

Appellant's principal grounds for urging reversal follow: The Court erred (1) in allowing dower to Martha Lewis in the lands adjudged to belong to her in fee simple under the deed of December 16, 1925; (2) in adjudging dower to her in lands purchased by S. L. Lewis during his term of office, until appellant's lien is first satisfied; (3) in allowing appellee dower in any of the property in question until the statutory lien of appellant is satisfied; (4) in adjudging that appellant pay any of the delinquent taxes, since appellee had the lands in her possession and was receiving the rents and benefits therefrom; and (5) in adjudging that appellant pay three-fourths of the costs in the action.

The chief point in the controversy before us involves the allowance of dower to appellee in the property of S. L. Lewis, including that conveyed to her by the deed of December 16, 1925. We have noted that it was adjudged that appellee is estopped from claiming the land conveyed by this deed as against the lien of appellant. This means that, insofar as the interests of appellant and appellee are concerned in this action, the 1925 deed is a nullity. Whether the deed is fraudulent and void does not concern us at this time, in view of our conclusions that the trial judge properly held that Martha Lewis is estopped from claiming the lands conveyed in that deed as against the lien of the Company. Section 496 of the statutes. We are constrained to say in passing, however, that the circumstances surrounding this deed present a rather sour picture; especially in view of the fact that one item in the deed covers an entire piece of property in which S. L. Lewis owned only

a one-half interest, and that subject to a lien, at the time the deed was supposed to have been executed. He later acquired the remaining one-half interest in this particular piece of property.

Section 2132 of the statutes provides that:

"After the death of either the husband or wife, the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished; and the survivor shall have an absolute estate in one-half of the surplus personalty left by such decedent."

Section 2135 of the statutes sets forth the land in which a wife shall not be endowed. This section reads as follows:

"The wife shall not be endowed of land sold, but not conveyed by the husband before marriage, nor of land sold, in good faith, after marriage, to satisfy a lien or incumbrance created before marriage, or created by deed in which she joined, or to satisfy a lien for the purchase money; but if there is a surplus of the land or proceeds of sale after satisfying the lien, she may have dower out of such surplus of the land or compensation out of such surplus of the proceeds, unless they were received or disposed of by the husband in his lifetime."

Appellant insists that such dower to which appellee might be entitled is subject to its lien because of its subrogation to the lien against the real estate of a sheriff or tax collector as provided in section 4130 of the statutes. It is pointed out that such a lien applies at the time the collector begins to act, and that it shall exist until the tax money is duly accounted for. Such a lien, however, is distinguishable from tax liens which apply against a particular piece of property, as provided generally in section 4021 of the statutes.

Section 4021 provides in part as follows:

"The Commonwealth, and each county, incorporated city, town or taxing district, shall have a lien on the property assessed for the taxes due them respectively (for five years) which shall not be de-

feated by gift, devise, sale, alienation, *or any means whatever* [italics ours], unless the gift, devise, sale or alienation shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes and cost incident to the sale.''

The part of section 4130, applying to a lien on real estate owned or acquired by a tax collector, is as follows:

''The Commonwealth, the county and taxing district shall have a lien from the date the sheriff begins to act upon the real estate of the sheriff therein secured or afterward acquired by him, which shall not be discharged until the whole amount of money collected by the sheriff or collector, or for which he may be liable to them respectively, shall have been paid * * *.''

A comparison of the parts of the sections of the statutes just quoted shows that the italicized part of section 4021 does not appear in the quoted part of section 4130; which of itself indicates that the legislature recognized a distinction between the two types of liens authorized by these sections of the statutes. It is to be noted also that section 4257a-7, enacted in 1936, goes even further than section 4021, in providing that a lien for any tax shall operate against all of the property owned by the taxpayer. Furthermore, the tax liens provided in sections 4021 and 4257a-7 insure the payment of taxes assessed for the operation and carrying on of government, while the lien provided in section 4130 represents an attempt to guarantee that the official who collects the taxes shall properly account for them. While the defaulting of a tax collector is to be abhorred, it is apparent from the foregoing review of the sections of the statutes referred to that there is basis for holding that the liens provided in sections 4021 and 4257a-7 of the statutes are superior to the inchoate right of dower, whereas the lien provided in section 4130 is not superior to such right.

A wife's inchoate right of dower is a vested right which vests at the time of marriage in property then owned by her husband. In property subsequently acquired by the husband this right vests at the time of the acquisition concurrently with the vesting of the title

in the husband. See sections 2132 and 2135 of the statutes quoted above. Such a right is an individual interest in property and not a lien thereon, and it is not subject to the debts of a wife's husband. Nelson v. Dunn, 215 Ky. 292, 284 S. W. 1084; Berger v. Berger, 264 Ky. 225, 94 S. W. (2d) 618.

In support of its position that its lien should be given priority over appellee's right of dower, appellant has cited the cases of Ketterer v. Nelson, 146 Ky. 7, 141 S. W. 409, 37 L. R. A., N. S., 754, involving a lien for taxes, and Mulligan v. Mulligan, 161 Ky. 628, 171 S. W. 420, involving a street improvement lien. But these cases involve situations where the liens in question were against specific pieces of property for taxes assessed against the property. These liens were held to be prior to the right of dower.

Appellant stresses the case of Harrison v. Griffith, 4 Bush 146, in support of its contention that a lien in favor of the commonwealth against the real estate of a sheriff is prior to a wife's right of dower. An examination of this case reveals, however, that the sheriff's property in question, to which he had only an equitable title, had been surrendered in writing subsequent to the time he became indebted to the commonwealth. In the case of Fields' Heirs v. Napier, 80 S. W. 1110, 26 Ky. Law Rep. 240, we held that the wife of a former sheriff whose property had been purchased and later sold by the commonwealth after he had defaulted was entitled to her dower right. In that case, we said [page 1112]:

"The rights of his widow, Louisa Fields, stand upon a different ground from those of his children and grandchildren. She does not seem to have signed any of the deeds to the property, or relinquished her right to dower therein. She is entitled to be assigned dower out of the lands left her by her husband, Henry Fields. She never lost her potentional right to dower by the sale to the state; hence R. F. Fields never acquired the land as against her right to dower."

Appellant attempts to show that the commonwealth did not assert its statutory lien under section 4130 of the statutes in the Fields Case, but rather that it elected to take a personal judgment and execution on this judgment. The fact remains, however, that Fields, while

sheriff of Perry county, defaulted for tax money collected by him and the commonwealth held him to an accounting, as authorized under the statutes. On the question of dower we are of the opinion, therefore, that the trial court properly adjudged that appellee's right of dower should be given priority over appellant's lien.

The effect of the trial court's ruling, which, in our opinion, was correct, is that all of the lands owned by S. L. Lewis at the time of his death, including the lands conveyed to Martha Lewis by the 1925 deed, may be sold to satisfy the lien of appellant subject to appellee's dower and the delinquent taxes accrued since 1933. We have seen that under section 4021 of the statutes, liens for taxes are on and against the property assessed for such taxes, and that they follow the property. It is our conclusion, therefore, that the trial court erred in apportioning the delinquent taxes on the property for the years 1933 to 1938, inclusive (which taxes have accrued since the commencement of this action), on the basis of the value of appellee's dower, namely 21% against appellee and 79% against appellant. The delinquent taxes on the one-third of the lands in question which were set aside for appellee's dower should be charged against her dower interest. Appellant should be charged with the delinquent taxes on the two-thirds of the property set aside to satisfy its lien.

We are of the opinion also that the trial court erred in assessing three-fourths of the costs in this action against appellant. At the outset, appellant sought to enforce its lien against the property left by S. L. Lewis because of its having paid a judgment for $30,000 to Knox County and the Knox County Board of Education for Lewis' defalcations for tax money due these taxing districts. The trial court properly adjudged this question in favor of appellant, subject to appellee's right of dower. Subsection 2, section 125 of the Civil Code of Practice, provides:

"In an action for the recovery of land, the answer of the defendant must state whether or not he claims it, or any part of it; and, if he claim part of it, his answer must so describe such part that it may be identified. The making of such statement, or of such statement and description, shall not, of itself, throw on the defendant the burden of proving his right to the land claimed by him; but, if

the plaintiff recover any part thereof, the defendant shall pay the costs of the action.''

Section 889 of the statutes provides in part as follows:

''In actions in equity, the party succeeding on the merits or otherwise shall recover his costs except against nominal defendants; but when the plaintiff succeeds against a part of the defendants, he shall recover his costs against such only.''

A court of equity has discretion in the settlement of costs, and, as pointed out in the case of Chenault v. Southern Trust Company, 245 Ky. 305, 53 S. W. (2d) 369, we are not disposed to disturb that discretion unless abused. We are forced to the conclusion, however, that the trial court erred in adjudging that three-fourths of the costs in this action should be paid by appellant.

We are constrained to conclude, therefore, in view of the reasons set out herein, that the judgment should be and it is reversed with directions for proceedings consistent with this opinion.