## Wigginton et al. v. Leech's Adm'x et al.

March 21, 1941.

788

R. W. Lisanby and J. Gordon Lisanby for appellants.

E. M. Nichols for appellee Coyle.

Marshall P. Eldred for appellee American Surety Co.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing in part and affirming in part.

Parties appellant are Arthur Wigginton, two brothers and two sisters, children of Flora Leech, deceased, who was the wife of D. B. Leech; appellees are Maude Coyle, individually and as administratrix of the estate of D. B. Leech, and the American Surety Company. The parties will be referred to as plaintiffs and defendants, their positions in the court of first instance.

D. B. Leech, then about 63 years of age, married Flora Moore, 48, in Detroit some time in 1924, after a brief courtship. Mrs. Leech had been theretofore twice married. Her first husband was the father of the plain-

tiffs; her second husband was one Moore. There were no children of the second or third marriage. Mr. Leech had been previously married, and was the father of three children; defendant Maude Coyle being one. They lived in Detroit until some time in 1930, when they removed to Caldwell County where they lived until their deaths. Mrs. Leech died intestate in 1934; Mr. Leech died in 1938, while litigation here on review was pending.

At the time of marriage Mrs. Leech was the owner of personal property of the approximate value of $3,500. Mr. Leech owned about twice that amount, consisting of real estate. Upon Mrs. Leech's death Mr. Leech qualified as administrator, and in an accepted inventory it was shown that there came to his hands seven promissory notes, aggregating $2,979; two of the seven were oblgiations of Mr. Leech, totaling $1,900. It does not appear that a settlement was ever made by Mr. Leech, though on March 6, 1936, all the heirs receipted to the administrator for five notes, as part payment on settlement of estate, totaling $1,493.14. These did not include Mr. Leech's personal notes.

On July 16, 1936, the plaintiffs filed petition in which after setting up qualifying facts and facts as to ownership of property of parties, as we have stated, they charged that there had come to the administrator's hands the notes, mentioned above (with some differences as to face value), which, adding accrued interest, brought the amount to $3,975.39.

In addition it was charged that the sale bill of personal property, jointly owned by husband and wife, amounted to $600, and that Mrs. Leech had two insurance policies payable to the next of kin, after the payment of funeral expenses, which it is shown were about $202.50, thus leaving a balance of $347.50. Plaintiffs calculated the value of the estate at a total of $4,477.89. Deducting the amount for which the heirs had receipted, they claimed a balance due of $2,984.75, subject to costs of administration, which amount they sought in their prayer for relief, asking for settlement and judgment against defendants and the surety company. The sum sought represented the whole of the estate of their mother.

This claim arises on the allegation that for valu-

able consideration, soon after the marriage of the parties, at a time when Mrs. Leech "was worth about $4,000 in her own right, and Mr. Leech probably twice that much," their children, matured and self-supporting, each waived all rights in and to properties belonging to the other, free from claim of the one or the other by reason of the marriage, and agreed that property owned by each at death should vest in their children, respectively.

In an amended petition it was alleged that the administrator appropriated his two notes, the proceeds of sale of personal property, and the residue of the insurance policies. That in order to render himself insolvent, he had conveyed all his property to his daughter Mrs. Coyle, without consideration, and she was holding it in order to deprive plaintiffs of their rights. Mrs. Coyle was made defendant and required to answer and disclose.

Mr. Leech denied the allegations of the petition, and affirmatively plead that since his property consisted of real estate, the contract, if made, was in contravention of the statute of frauds (Kentucky Statutes, Section 470), hence Mrs. Leech could not orally dispose of her inchoate dower right. Defendant also relied on Section 2651b-4, Kentucky Statutes, which our court construed as prohibiting suits on oral contracts, where personal property of more than $500 in value was involved. Maloney v. Maloney, 258 Ky. 567, 80 S. W. (2d) 611.

Plaintiffs later amended, alleging that the proceeds of the notes which D. B. Leech had given his wife, for a total of $1,900, were used in the purchase of a farm, later sold to one Ray for $2,000, and for which Ray had paid $250 cash, and executed his note for $1,750. That thereafter Leech, in order to carry out his plans, transferred this note to Mrs. Coyle. Ray was made a party for the purpose of impressing the unpaid note with a lien to secure any judgment that might be recovered; the daughter, under order, turned the note over to the court.

During the proceedings, but after he had testified, the death of Mr. Leech was suggested, and suit was revived against Mrs. Coyle as administratrix of her father's estate. After overruling numerous motions and dilatory pleas, and after proof, competent and other-

wise, the case was submitted to the chancellor who wrote an opinion which is incorporated in the record. This opinion recited in detail the mass of pleading and proof, and stated the issues. Without going into detail the chancellor concluded that there was sufficient proof to convince him that there was an agreement such as plead in plaintiff's petition.

Conceding such he said, "the question arises as to whether or not, in law, the same is enforceable." The court reviewed Bohannon v. Bohannon's Adm'x, 92 S. W. 597, 29 Ky. Law Rep. 143, and Smith's Adm'rs v. Price, 252 Ky. 806, 68 S. W. (2d) 422, distinguishing them and pointing out that in the Smith case, supra, the property involved was personalty, and held the contract void because since it involved Mrs. Leech's dower interest she could not divest herself by oral contract. Further, that Section 2651b-4, as construed in the Maloney case, supra, was applicable; we need not discuss the contention that the contract here was made prior to the enactment of the statute supra, since it is clear that the contract was void for the other reason advanced. We are directed by appellant to cases wherein this court has upheld relinquishment of dower, but in all such it was made to appear that the contract was in writing, free from taint of fraud or mistake and fair on the face, though such contracts are always closely scrutinized. Redwine's Ex'r v. Redwine, 160 Ky. 282, 169 S. W. 864, Ann. Cas. 1917A, 58, Johnson's Adm'r v. Johnson, 231 Ky. 740, 22 S. W. (2d) 124, are exemplary. Counsel for appellant has not cited us to any contrary ruling.

In Rowe v. Ratliff, 268 Ky. 217, 104 S. W. (2d) 437, 439, we wrote: "The only way that the wife can lose her dower is either to sell it, forfeit it, or die and leave it." If she sells or forfeits dower, it must be done in the manner provided for disposal of real property. A widow's rights of dower is an individual interest, and not merely a lien. Maryland Casualty Co. v. Lewis, 276 Ky. 263, 124 S. W. (2d) 48. The right vests at the time of marriage, or as to subsequently acquired property at the time of acquisition by husband, Lewis case, supra, and is a vested interest, Berger v. Berger, 264 Ky. 225, 94 S. W. (2d) 618, and can be released or relinquished when "she pursues the law in that regard." Mallory's Adm'rs v. Mallory, 92 Ky. 316, 17 S. W. 737, 13 Ky. Law Rep. 579.

Counsel for appellants contend that since Mrs. Leech did not own any real property the contract was and is enforceable, notwithstanding Mr. Leech's property, or the greater portion, was in real estate. Had Mr. Leech died first the argument would have been to the contrary, and the court would have been compelled to hold the contract unenforceable. If it was unenforceable as to one, it was likewise as to the other. An unexecuted unilateral contract is unenforceable. Louisville Tobacco Warehouse v. Ziegler, 196 Ky. 414, 244 S. W. 899. Mutuality of obligation is essential to the validity of every contract. Consolidated Realty Co. v. Richmond H. & B. Co., 253 Ky. 463, 69 S. W. (2d) 985, and cases cited.

The court correctly found that the proof showed that Mr. Leech had undertaken to dispose of his property by transferring it without commensurate consideration to his daughter. As the case turned out, this only involved the Ray note. Ray later conveyed the farm, and in order to have the lien released paid cash into court· in the amount of $1,750, with interest. It was developed that Mr. Leech had executed his two notes to Mrs. Leech, and with the proceeds had purchased the land sold to Ray.

Upon trial the court directed a judgment which took the form of a settlement, followed by an agreed distribution, "without prejudice" to parties to prosecute appeal. In this settlement the court charged against the account the amount of the inventory, the residue of the proceeds from the insurance policies, and the proceeds of the sale bill, making a total of $4,882.88, including various items of interest. There were then deducted burial and funeral expenses, taxes and premium on Mr. Leech's bond, and other legal claims, leaving $4,383.10, of which one-half, after costs were paid, was adjudged to Mr. Leech's estate; the other to the plaintiffs, which, being credited by the amounts already paid, left them a balance of $679.50, for which the court gave judgment, directing its payment out of the sum impounded in the clerk's hands. The court impressed the fund and other property, only to the extent necessary to pay the judgment and costs of action.

It thus appears that plaintiffs were successful, except in their effort to establish the validity of the con-

tract, hence we need not discuss the matters involving the settlement, including the contention that the court erred in holding that the surety was to be bound only to the extent of one-half the penal sum fixed in the bond. The chancellor did thus express himself in the opinion, though the judgment did not release the surety. However, since the fund in court was and is sufficient to satisfy the judgment, a further discussion on this point becomes unnecessary.

The motion of Mrs. Coyle for cross-appeal was sustained, and she is complaining of numerous errors. Among these are two that may be grouped, since they relate to the court's findings of fact in respect to the balance of the proceeds of the insurance policies, and the proceeds of the sale of personal belongings of Mrs. Leech. While the proof as to the title of the personal property is conflicting, and brought out by evidence, in some instances of doubtful competency, there was sufficient evidence to justify the chancellor in making an equal division of the proceeds of the sale made in part by the administrator. As to the proceeds of the policy, there is no doubt as to the correctness of the chancellor's holding. There is no discussion as to the question of the liability of Mr. Leech for the $202.50 for funeral expenses, paid from the proceeds of the policy.

Other objections relate to pleadings, it being urged that the court erroneously overruled the motion of D. B. Leech to require plaintiffs to elect whether they would proceed against Leech personally or in his representative capacity, and to permit Mrs. Coyle to be brought into the case individually by plaintiffs' pleading, styled "amended petition A." The first argument seems to be based on a defect in the caption of the original pleading, which named the defendant Leech as administrator of the wife's estate. It does not appear that there was special demurrer to the petition, which, as we read it, clearly sought relief as against Mr. Leech in both capacities. The defect complained of could not be raised by general demurrer. Clift v. Newell, 104 Ky. 396, 47 S. W. 270, 20 Ky. Law Rep. 644. The record shows that Mr. Leech answered in both capacities.

The court did not err in allowing Mrs. Coyle to be brought in by amended petition. The record shows that she was a party, individually to the original petition,

being made so on the allegation that she had in her possession property transferred to her for purposes of concealment; this not only included property ostensibly belonging to Mr. Leech, but to his wife's estate. The court only required her to account for the Ray note, which we observe was short of the total of the two notes of Mr. Leech. The allegations as to Mrs. Coyle were carried into an amended petition, which amplified the original petition relating to such property as belonged to the wife, held by the administrator.

Mrs. Coyle, individually, demurred to the original and amended petition, and the court sustained the demurrer with leave to amend. It is argued that plaintiffs did not amend, and the court dismissed the pleadings, insofar as they related to Mrs. Coyle individually. However, after the death of Mr. Leech there was an order of revivor making Mrs. Coyle, as administratrix, party, and directing the suit to be prosecuted further in her name as such. The court did not sustain Mr. Leech's general demurrer, which left the allegations in regard to his transactions between the two in the record. While we express some doubt as to the correctness of the court's rulings on Mrs. Coyle's demurrer, such does not affect the case.

Amended petition "A," filed in March, 1938, after the court's ruling on the former pleadings, only sought to have Mrs. Coyle produce the Ray note for $1,750, which Mr. Leech had transferred to her. It was developed that the Ray note was divulged in depositions taken, and to which Mrs. Coyle had individually excepted. She was duly summoned on the amendment and the record discloses that while Mrs. Coyle demurred, there is no ruling apparent, and we fail to find that Mrs. Coyle answered. The record, insofar as pleadings are carried therein, is in much confusion, due to the arrangement by the compiler of the transcript, and we have had considerable difficulty in following the pleadings.

The court in his opinion suggested that in settlement no commission be allowed to Mr. Leech as administrator for the estate of his wife, because he had failed to settle as required by law. This was not carried into the judgment, though it made no allowance. We fail to find in the transcript any claim, either by himself or

Mrs. Coyle, that such allowance should have been made, and further, there were no specific exceptions to the judgment settlement or the order of distribution.

We have examined the other points, several in number, raised by appellee on cross-appeal, and find them without merit, or if of such, they are answered by our conclusions reached on the chief question, with the one exception as to allocation of costs. The chancellor adjudged all costs in the court of first instance against the estate of Mr. Leech. While the matter of assessing costs usually is in the discretion of the court (Wilson v. Smoot, 186 Ky. 194, 216 S. W. 129), we are inclined to the opinion that since the plaintiffs were only successful to the extent of obtaining settlement (which proof shows had been in a manner offered by Mr. Leech), but failed in their main effort, it would be fair and equitable to tax the costs in the trial court, one-half as against each party, and the court should so order, excluding the appellee surety, and to this extent the judgment is reversed; otherwise it is affirmed, the costs in this court to be taxed against appellants.