Willie (Cool) JOHNSON and Bertie Johnson, Appellants,

v.

Martin L. JOHNSON, Appellee.

Court of Appeals of Kentucky.

Nov. 5, 1954.

Tackett & Tackett, Joe Hobson, Prestonsburg, for appellants.

Edward L. Allen, Combs & Combs, Prestonsburg, for appellee.

MILLIKEN, Justice.

The question presented on this appeal involves a land boundary dispute.

David T. Johnson was the owner of a tract of land located in Floyd County, Kentucky. He conveyed part of it to a daughter and later conveyed part to a son. The two tracks conveyed overlapped along one boundary. The daughter's heirs conveyed her tract to appellee, Martin L. Johnson, and the son conveyed his land to appellant Willie Johnson. Martin brought suit against Willie in order to establish the boundary and to prohibit Willie's alleged trespassing on Martin's land. The trial court entered judgment on October 22, 1949, establishing the property line, dismissing Martin's suit and charging the costs to Martin. Two days later, on October 24, 1949, the trial court set aside so much of the judgment as took the case off the docket, and ordered that a disinterested surveyor go on the land and establish the line set out in the original judgment, saying that the words in the original judgment were not sufficiently definite. Then, on February 7, 1952, the court entered a supplemental judgment approving the surveyor's report and adjudging that appellants rather than appellee pay the costs.

On appeal Willie claims that the supplemental judgment, which was entered almost two years after the original judgment, did not merely clarify the judgment, but changed it substantially by charging the costs to him which he claims the court had no right to do. Under common law the time during which a judgment may be so modified is during the remainder of the term of court in which the judgment is entered. Morris v. Morris, 225 Ky. 823, 10 S.W.2d 277. For present rule see CR 6.03.

The order of October 24, 1949, in its practical effect, directed that the appointed surveyor determine the line which was described in the original judgment. The original judgment established the line with reference to a map made by B. F. Elliott. The supplemental judgment of February 7, 1952, adopted the line established by Hager, the surveyor who had been appointed by the court. The lines appear to be substantially the same except on one end where the new line does appear to have cut off a little of appellants' land. However, the chancellor went on the land and looked at the line established by Hager, and adopted it as the line intended in the original judgment. In effect, the chancellor says that is what he meant by his words in the original judgment, so this court will take this view of it and treat it accordingly. The order entered two days after the original judgment set aside only so much of the original judgment as took the case off the docket. In other words, the judgment was to stand and the case kept on the docket merely to clarify the judgment by the survey.

The two deeds, of course, establish two different lines. Although he did not say so directly, the chancellor seems to have adopted the wording in the prior deed. On appeal both parties appear to accept that finding. The difficulty lies in determining, in relation to the land, where the established line is located. The chancellor said the line began at the knob, ran down

the point to where the point became extinct, and then in a straight line to the mulberry. The dissension is over where the point becomes extinct. Elliott marked it one place and Hager another. Since the chancellor went on the land and adopted Hager's finding, this court will affirm him—there being a survey to support him.

Willie also claims that his right to the land has been established by adverse possession. The chancellor obviously did not think the evidence concerning the open and adverse possession was sufficient. Most of the evidence concerned the land to the left of the mulberry, and by the judgment Willie got most of what he was claiming to the left of the mulberry. As to the land to the right of the mulberry, which the judgment gave to appellee, there was very little evidence of the previous adverse possession—a fence and spasmodic use of the land for garden or pasture. Even that is watered down by the fact that appellants' grantor used land way over on the other tract by consent, more or less, with no claim of right.

The appellee entered a cross-appeal claiming a triangle to the left of the mulberry. We are not positive from the charts just what piece of land it is that he thinks he owns. In any event, the chancellor's finding was practically appellee's deed verbatim. The only thing added was a straight line where two points did not meet. In Staley v. Richmond, 236 Ky. 11, 32 S.W.2d 546, the court endorsed a straight line where the marker could not be established.

While it is a general rule that the successful party in an equitable action recovers costs, KRS 453.040 (1) (b), a court of equity has a judicial discretion in settlements as to costs and its discretion will not be controlled by this court unless the chancellor has abused his discretion. Wigginton v. Leech's Adm'x, 285 Ky. 787, 149 S.W.2d 531; Maryland Casualty Co. v. Lewis, 276 Ky. 263, 268, 124 S.W.2d 48; Chenault v. Southern Trust Co., 245 Ky. 305, 53 S.W.2d 369; Chiles v. Robinson, 224 Ky. 71, 5 S.W.2d 269; Wilson v.

Smoot, 186 Ky. 194, 216 S.W. 129. We do not believe he abused his discretion here.

The judgment is affirmed.