Madeline M. LURDING, Appellant,

v.

Irvine H. SONNE et al., Appellees.

Court of Appeals of Kentucky.

March 31, 1972.

Rehearing Denied June 9, 1972.

William B. Cohen, Carl K. Helman, Grant M. Helman, Louisville, for appellant.

Blakey Helm, Martin J. Duffy, Jr., Louisville, for appellees.

OSBORNE, Judge.

This is an action for declaration of rights to determine: (1) Whether a wife's dower interest was sold in a forced sale under a distraint warrant; and, (2) If her rights were not sold, did she waive her right to dower interest in the property by accepting certain proceeds from the sale?

The trial court held the wife waived her dower interest in the property by accepting proceeds from the sale. We are of the opinion this ruling was in error and that the judgment will have to be reversed. The pertinent facts of the case are as follows:

The petitioner and appellant herein is Madeline M. Lurding, widow of Joseph L. Lurding. The appellee is Dr. Irvine H. Sonne who purchased the property in question at a public sale. During Lurding's lifetime he was the owner of certain real estate situated at Barrett and Oak Streets in the city of Louisville, Kentucky. On December 7, 1951, the Commissioner of Internal Revenue seized the property under warrants for distraint for the collection of federal income taxes allegedly owed by Mr. Lurding for the years 1937 through 1946. On January 8, 1952, the property was sold at public auction to Dr. Irvine H. Sonne for the sum of $61,100. The estimated value of the property placed upon it by the Commissioner of Internal Revenue was $75,000. After Lurding's taxes were deducted from the sale price of the property a surplus of $36,426.54 was left. From this amount $10,486.61 was paid to the Commissioner of Revenue of Kentucky for delinquent unemployment taxes and $4,802.79 was applied to the Lurdings' 1947–48 federal income tax.

After the foregoing payments were made a check in the amount of $21,137.14 made payable to Joseph and Madeline Lurding dated March 12, 1952, was deposited in the joint account of the parties with the Louisville Trust Company. Both Joseph and Madeline Lurding had the right to and did draw upon this account. And, upon the death of Joseph Lurding on June 26, 1952, under the terms of the account itself Madeline Lurding became the sole owner of the then remaining balance in the account which was $16,533.

The trial court held that appellant Madeline Lurding's dower interest in the property was not transferred by the sale under distraint. On this point we believe the trial court was correct. See 35 Am. Jur.2d, Federal Tax Enforcement, § 11, p. 21, wherein the rule is stated as follows:

> "If the property levied upon is by the laws of the state recognized and defined as the separate property of the taxpayer's spouse, then no federal tax lien will attach. Thus, a lien to secure payment of taxes owing by a husband does not attach to his wife's property, such as her vested interests under state law in homestead property."

We have consistently held that a widow's right of dower is an individual interest in her husband's property and not a lien. See Wides v. Wides' Ex'r., 299 Ky.

103, 184 S.W.2d 579; Wigginton v. Leech's Adm'x., 285 Ky. 787, 149 S.W.2d 531. See, also, In Re Brown, 6 Cir., 60 F.2d 269.

■■ The trial court was of the opinion that when appellant acquiesced in receiving the benefits from the federal government in the amount of $21,137.14, which was deposited in her and her husband's joint bank account, she waived her right to dower in the property. We are of the opinion the court was in error in so holding. The money belonged to Joseph L. Lurding. The federal government was not rebating it. It was money to which the federal government never acquired any interest. Therefore, the fact that Joseph L. Lurding placed the money in a joint bank account with his wife and the fact that she acquired it under his will after his death can in no way be interpreted to enhance Dr. Sonne's title to the property which he purchased at the Commissioner's sale on January 15, 1952. The federal government advertised that it was selling the interest of Joseph L. Lurding in this property and the deed conveying it to Dr. Sonne only conveyed the interest of Joseph L. Lurding. If either party should be estopped in this case, it should be Dr. Sonne who should be estopped from contending that he pur-chased more than is contained in the advertisement of sale or in his deed. It is certainly reasonable to suspect that had Madeline Lurding's dower interest been sold at this time the property would have brought considerably more than Dr. Sonne paid for it. Also, it is not realistic to believe Dr. Sonne paid $60,000 for property without first determining exactly what he was buying. It would be even more unrealistic to give him Mrs. Lurding's dower interest in the property when it was quite clear from the proceedings that that interest was not being sold. Appellee contends that in some manner KRS 392.020 bars Mrs. Lurding from claiming dower and at the same time taking as a beneficiary under his will. Quite frankly, we are unable to follow the argument and see no inconsistency in her claiming both interests.

For the foregoing reasons, we are of the opinion the judgment should be reversed and judgment should be entered declaring that Madeline Lurding be and she is the sole owner of her dower interest in the property which was owned by her husband at 1028 Barrett Avenue, Louisville, Kentucky, prior to his death.

Judgment reversed.

All concur.