Melbourne MILLS, Jr; Bertha Darlene La; J.P. Morgan Chase Bank, N.A.; and Commonwealth of Kentucky, Appellants,

v.

Mildred ABBOTT; Lisa Abraham; Juanita Alton; Joann Alvey; Cindy Armstrong; Linda Back; Carla Baldwin; Lee Bartley, Jr; Patricia Belcher; Leisa Belding: Eleanor Berry; Margie Berry; Carol Boggs; Angie Bowman; James Branham; Kathy Branham; Norma Brewer; Karen Brown; Deborah Browning; Nathaniel Brumfield, on behalf of the Estate of Wathalee Brumfield; Patricia Bryant; Leslie Bullock; Tony Childress; William Clark; Rosemary Click; Carolyn Conley; Sandra Cottom Gilley; Barbara Crain; Pamela Crowe; Judy Dile; Teresa Duff; Linda Dunaway; Susan Ezell; Rhonda Franklin; Timothy Franklin; Freda Frizzell; Beulah Fugate; Patricia Gaunce; Ken Gayheart; Tara Gifford; Debra Goode; Rhonda Hancock; Barbara Hellmueller; Vikki Henley; Lora Hoover; Lorene Hutcherson; Katherine Hutchison; Betty Davidson, on Behalf of the Estate Of Evelyn Jackson; Garnet Johnson; April Slatten Jones; Gerry Jones; Linda Jones; Betty Jordan; Katherine King; June McPhearson; Joni McClanahan; Mary Martin; Thelma Merida; Linda F. Miller; Marie Miller; Linda L. Miller; Nellie Miller; Orene Miller; Leslie Minton; Wilma Noe; Raymond Parker; Lisa Peek; Suzane Price; Sharon Rainwater; Michelle Sharpe Roberts; Debbie Vogt Schneider; Barbara Smith; Peggy Spears; Joe Ann Perkins Spencer; Cora Stapleton; Debbie Staton; Shirley Sudduth, on behalf of the Estate of Marjorie Sudduth; Ella Taylor; Linda Taylor; Betty Ward on behalf of the Estate of Martin Ward; Bety Widner; Connie Wolfe; Bill Wombles; Karen Young; Elizabeth Adams; Kathy Adams; Phyllis Adams; Ruby Adams; Ruby Adamson; Susan Adkins; Clantha Akers; Effie Alsip; Phyllis Applegate; Susan Arvin; Clara Atkinson; Jamie Bailey; Mary Ann Bailey; Vickie Bailey; Charlotte Baker; Charlotte Baker and David Walker on behalf of the Estate of Lane Walker; Carol Barnes, on behalf of the Estate of Danny Abney; Marilyn Barnes; Teresa Baumgardener; Melissa Faye Beamon; Linda Beggs; Margaret Bingham; Emma Black; Janice Blair; Sharon Blair; Lori Boone;

Joie Botkins; Kathy Bowling; Virginia Braden; Ladonna Brame; Ruby Branham; Alma Brock; Barbara Brown; Joyce Brown; Sharon Brown; Kimberly Brummett; Sarah Balenovich, on behalf of the Estate of Edith Browning; Billie Brumley; Linda Brumley; Teresa Bruner; Warren Burgess; Janice Burton; Tina Bush; Sherrie Butler; Donna Campbell; Loretta Canada; Buel Cantrell; Tonya Carter; Wallace Carter; Charlotte Cason; Lisa Caudill; Connie Sue Centers; Gloria Clark; Pamela Clift; Allen Coker; Judy Coleman; Shirley Coleman; Tara Coleman; Debra Collier; Margaret Collier; Linda Varnarsdall–Collins; Linda Colvin; Phyllis Combs; Ronnie Cook; Georgia Coots; Donna Muddiman–Cornish; Mark Cornn; Nadine Couch; Joseph Cowley; Jo Ann Cox; Doris Creech; Deloris Criswell; Tracy Curtis; Doris Dabney; Mary Daughtery; Elizabeth Davis; Sandra Davis; Kathy Lovan–Day; Karen Dean; Jan Delaney; Regina Despain; Gerry Dixon; Al Doser; Belva Dotson; Ynetta Eckert; Martha Elliot; Tami Edwards–Engle; Saundra Erp; Charlotte Estepp; Sarah Estes; Elizabeth Fannin; Janet Fentress; Haywood Ferguson, on behalf the estate of Alma Ferguson; William Fitch, on behalf of the Estate of Sheila Fitch; Vickie Flannery; Bernita Flynn; Berenda Ford; Essie Fredrick; Clara Fulks; Barbara Gay; Crystal Seals–Gibson; Ginger Davidson–Gibson; James Gibson, on behalf of the Estate of Jessie Gibson; Joni Gibson; Gladys Gilbert; Stephanie Gist; Ruby Godbey; Joyce Gordon; Patrick Graham; Tammie Grant; Amy Gray; Donna Green; Sherry Green; Allie Hall; Geraldine Hall; Norma Hall; Barbara Hampton; Leona Gail Handley; Joyce Hanley; Rebecca Harris; Debra Harrison; Diane Harrison; Joy Hassler; Yolanda Hayden; Barbara Heizer; Wanda Helton; Bonnie Henderson; Gary Hendrickson; Vickie Henry; Marcus Highley; Karen Hillard; Charlene Hill; Janice Hilton; Linda Hinkle; Jacqueline Hocker; Myra Hood; Vicky Hood; Evelynn Hopkins; Charlene Horn; Mary Horning; Cloyd Hoskins; Linda Hoskins; Mary Howard; Marilyn Howard; Donna Howser; Charolotte Hughes; Marcia Hughes; Margie Hulse; Shela Humphreys; Margaret Hunt; Wanta Hunter; Brenda Hutchcraft; Emma Ison; Della Jackson; Katina Jackson; Mary Jackson; Linda James; Debbie Jeffrey; Ernestine Leslie Johnstone; Beulah Jones; Franklin Jones; Judy Jones; Kathy Jones; Marlene Jones, on behalf of the Estate of Loretta Emond Stidham; Troy Jones; Betty Kelly; Patricia Kennedy; Gerald King; Pattie Kitts; Betty Kluck; Lucille Krey; Bill Lady, on behalf of the Estate of Mary Lady; Linda Larkins; Emily Lewis; Beverly Little; Sandra Dee Littleton; Lois Lockard, on behalf of the Estate of Lloyd Lockard; Linda Long; Sherry Long; Nona Luca; Charlotte Lush; Paula Mann; Pamela Marlowe; Bobbie Martin; Linda Martin; Connie Mason; Karen Thomson McClain; Lavonna McDaniel; Connie McGirr; Linda Malone McGowan; Roberta McGuire; Tammy McGuire; Jacquelyn McMurtry; Shelia Lynn Meece; Wanda Metzger; Deloris Miller; Michael Miller; William Miracle, on behalf of the Estate of Kathy Miracle; Beverly Mitchell; Eudora Montgomery; Ella Moore, on behalf of the Estate of Jonetta Moore; Margaret Moore; Rhonda Moore; April Morris; Louisa Moss; Angela Lewis–Mullinnix; Mary Napi-

er; Wanda Faye Neace; Elisabeth Neal; Linda Nevels; Diana Newlin; Kathy Nolan; Sheila Nolan; Rita Profitt–Norman; April Keltner Nuxoll; Rhonda Flynn Osburn; Glenora Pace; Bertha Pack; Louverna Parks; Myrtle Parris; Angela Peace; Judith Peck Wageman; Recie Pennington; Helen Perkins; Jeff Perkins; Stacy Perkins; Joy Perry, on behalf of the Estate of Milton Lewis; Doris Phelps; Norma Pickett; Sonja Pickett; Debra Bays–Plybon; Brian Powell; Glenna Brock–Powell; Mary Pool; Trena Preston; Lynne Pursel; Billie Reese; Brenda Rentas, on behalf of the Estate of Anthony Rentas; Arlie Rhodes; Evelyn Rhodes; Raymond Riley; Levetta Rivera; Odena Roaden; Billie June Roberts; Dyan Roberts; Patricia Roberts; Renee Roberts; Patricia Robinson; Fetina Robison; Carol Rogers; Cathy Rose; Vina Rose; Larry Roseberry, Jr, on behalf of the Estate of Larry Roseberry, Sr; Bobby Sallee; Mary Sames; Kathy Sands; Justus Scharold; Maxine Seals; Lisa Sexton; Monica Sexton; Margaret Sharon; Debra Shepherd; Janet Short; Linda Caudill, on behalf of the Estate of Laureda Short; Monica Shuffett; Loretta Sidwell; Rosemary Simons; Ada Sizemore; Carole Slone; Elaine Smith; Freda Smith; Wesley Smith, on behlaf of the Estate of Sharon Smith; Paul Stauffer; Corina Stearns; Connie Stephens; Nancy Stephens; Kathy Daniels–Stephenson; Sharon Stevenson; Marlene Stewart; Betty Stone; Lesta Stout; Donna Stromowsky; Connie Sturgill; Pam Sullivan and Sharon Stephens, on Behalf of the Estate of Rebecca Lovell; Lisa Swiger; Ella Tackett; Patty Tackett; Priscilla Tafolla; Charles Tapley; Mary Taylor; Jeanne Thomas; Nancy Thompson; Lisa Grant Thurman; James G. Thurman; Steve Toler, on behalf of the Estate of Linda Toler; Roy Toler; Elizabeth Trent; Jenny Trimble; Joetta Tucker; Deborah Turner; Drucilla Turner; Marie Turner; Patricia Turner; Valorie Turner; Linda Vance; Bobbie Walker; Loraine Wallen; Cindy Walters; Elizabeth Thompson–Washburn; Wanda Watkins; Cheryl Watson; Joyce Goff Wells; Judy Whitaker; Kim White; Mary White; Patricia White; Catherine Whitlock; Joyce Whitt; Peter Wilds; Todd Williams, on behalf of the Estate of Gloria Williams; Bethany Willinger; Geneva Wilson; Melody Winer; Amanda Edwards Wood; Artie Woods; Fern Wooten; Debora Wright; Edwina Wright; Roger Wright; Sandra Wright; Tammy Wright; Doyle Yancy; Sheila Yates; and Sandra Zeman, Appellees.

No. 2009–CA–001114–MR.

Court of Appeals of Kentucky.

June 24, 2011.

David M. Cross, Albany, KY, for appellants.

Seth J. Johnston, Angela M. Ford, Lexington, KY, for appellees.

Before LAMBERT and NICKELL, Judges; SHAKE,[1] Senior Judge.

## OPINION

SHAKE, Senior Judge:

Melbourne Mills, Jr. and Bertha Darlene La appeal from a Fayette Circuit Court summary judgment in favor of the Appellees.[2] The sole issue presented by this appeal is whether La's dower rights in the encumbered properties created a material issue of fact. After a review of the record and applicable caselaw, we affirm the Fayette Circuit Court summary judgment and subsequent order denying Mills and La's motion to amend, alter, or vacate.

On March 31, 2005, the Appellees filed suit in Boone Circuit Court against Mills and several other attorneys who represented the Appellees as plaintiffs in a lawsuit against the manufacturers of the drug "Fen–Phen." In the lawsuit, the Appellees alleged that Mills and the other attorneys misappropriated millions of dollars from the settlement. On March 8, 2006,

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. We refer to the parties as "Appellants" and "Appellees" to avoid listing the large number of Appellees in this case.

the Boone Circuit Court granted summary judgment against Mills and his codefendants and found that each defendant had breached his fiduciary duties to his former clients.

Following the judgment, Mills allegedly transferred half of his interest in the Tanbark Property to La on April 17, 2007. The recorded deed transfer states, "in consideration of the LOVE and AFFECTION that Melbourne Mills, Jr. has for Bertha La, and for other good and valuable consideration." Coincidently, La was a plaintiff in the Fen–Phen action. Mills later married La on July 25, 2008.[3]

On August 1, 2007, the Boone Circuit Court entered a damage judgment in the amount of $42,000,000, exclusive of prejudgment and postjudgment interest against Mills. On October 8, 2007, the Appellees filed a judgment lien in Fayette County against two parcels of property that Mills owned, the Tanbark property and the Hill–n–Dale property.[4] On April 18, 2008, the Appellees filed suit against Mills in Fayette Circuit Court to enforce their judgment lien. On April 15, 2009, the Fayette Circuit Court entered summary judgment in favor of the Appellees on three counts of the complaint.

Mills moved the court to alter, amend, or vacate its previous ruling based upon La's dower interest in the property. On May 18, 2009, the Fayette Circuit Court denied Mills's motion. Now, Mills appeals from both the court's April 15, 2009, summary judgment and its denial of his motion to alter, amend, or vacate that judgment.

■ Summary judgment is appropriate where it appears impossible for the non-moving party to produce evidence at

trial warranting a favorable judgment. *Stahl v. St. Elizabeth Med. Ctr.*, 948 S.W.2d 419, 421 (Ky.App.1997). In reaching its decision, the court must view the record in the light most favorable to the nonmoving party. *Commonwealth v. Whitworth*, 74 S.W.3d 695, 698 (Ky.2002).

■ Appellate review of the circuit court's summary judgment is limited to whether the court correctly found that no genuine issues of material fact existed and that the moving party was entitled to judgment as a matter of law. *Palmer v. International Ass'n of Machinists and Aerospace Workers, AFL–CIO*, 882 S.W.2d 117, 120 (Ky.1994). Therefore, we must question whether La's dower interest created a genuine issue of material fact.

■ A dower interest is an individual right that vests at the time of the marriage. *Wigginton v. Leech's Adm'x*, 285 Ky. 787, 149 S.W.2d 531, 533 (1941). A dower interest may only be lost by sale, forfeiture, or bequeathment. *Id.* However, a dower interest in property does not extend beyond the property interest of the spouse. Dower rights are subject to the spouse's right in the property. *McMurray v. McMurray*, 410 S.W.2d 139, 142 (Ky.1966).

■ Liens are "coeval with the husband's right to the land." *Id.* (citations omitted). Pursuant to KRS 426.720, "A final judgment for the recovery of money or costs in the courts of record in this Commonwealth, whether state or federal, shall act as a lien upon all real estate in which the judgment debtor has any ownership interest." Since the judgment lien was entered prior to the marriage of Mills

---

3. Mills claimed that the marriage occurred approximately eighteen months after the judgment lien was filed encumbering the Tanbark and Hill–n–Dale Properties.

4. These properties are called Tanbark and Hill–n–Dale based upon the streets on which they are located.

and La, any dower interest is subject to the preexisting encumbrance.[5] Therefore, La's dower interest was not an issue of material fact that should have precluded summary judgment.

Accordingly, we affirm the Fayette Circuit Court summary judgment and subsequent order.

ALL CONCUR.

---

5. The Appellees claim that the transfer of property from Mills to La, on April 17, 2007, was fraudulent. The alleged transfer occurred after the Boone Circuit Court granted summary judgment against Mills but before the damage judgment was entered. Although Mills and La did mention the conveyance in their brief, they did not raise an argument concerning the conveyance. Instead, Mills and La solely rely on the dower claim.