**Elizabeth WALTERS, Appellant,**

v.

**O. M. ANDERSON, Appellee.**

Court of Appeals of Kentucky.

May 25, 1962.

As Modified on Denial of Rehearing

Oct. 19, 1962.

O. T. Hinton, Pikeville, for appellant.

Dan Jack Combs, Pikeville, for appellee.

CULLEN, Commissioner.

A parcel of land owned by Elmon Walters was sold under execution upon personal judgments against him for commercial debts. The sale brought a price some $16,000 in excess of the amount of the judgments. Walters assigned his rights in the excess to his wife before the proceeds were paid into court. The purchaser, in paying the money into court, attempted to earmark some $4,000 as the value of Mrs. Walters' inchoate dower right and by court order that sum was temporarily set aside "pending an adjudication * * * as to the effect of the execution sale on the inchoate right of dower." Subsequently Mrs. Walters moved, as *assignee* of her husband, that she be paid the $4,000 (she previously had been paid the balance of the excess

proceeds of sale), and an order was entered directing that the money be paid to her but expressly reserving all questions relating to the dower right and reciting that the order was without prejudice to the rights of Mrs. Walters or the purchaser with respect to the dower matter.

Some two years later Mr. Walters died and his widow then asserted a claim against O. M. Anderson, the purchaser at the execution sale, for her dower interest in the land. The circuit court entered judgment denying the claim and Mrs. Walters has appealed.

■ The theory upon which the circuit court denied the claim was that Mrs. Walters had estopped herself from claiming dower by seeking and obtaining the $4,000 which the purchaser, in paying the purchase price into court, had attempted to designate as dower value. In view of the fact that Mrs. Walters asked for and was permitted to take the $4,000 as *assignee* of her husband and in view of the express recitation in the order of payment that it was without prejudice to her dower rights we can see no possible basis for invoking an estoppel. Admittedly the execution sale itself did not bar the inchoate dower rights of Mrs. Walters. See Fields' Heirs v. Napier, 26 Ky.Law Rep. 240, 80 S.W. 1110. At no time subsequent to the sale did Mrs. Walters do anything even to suggest that she was surrendering her dower right.

■ It is our opinion that the trial court erred in not adjudging Mrs. Walters entitled to her dower right. However, her contention that she is entitled to a one-half interest in fee is not sustainable. Under KRS 392.020 the widow of an intestate is entitled to a one-half interest in fee only in real estate of which her husband was seized of an estate in fee simple at the time of his death. With respect to real estate which her husband owned at one time during the coverture but did not own at the time of his death she is entitled only to a life estate in one-third. The execution sale effectively deprived Mr. Walters of all estate *he* had in the land, so when he died he was not seized of the land. KRS 392.110, protecting dower rights in case of a judgment by default or collusion against the husband, clearly relates only to judgments directly affecting the husband's title and has no application to a *money* judgment followed by an execution sale. Accordingly Mrs. Walters' dower interest is limited to a life estate in one-third.

■ Mrs. Walters asserted in the circuit court another claim against Anderson for an alleged deficiency of some $800 in payment of the purchase price. An order approving the payments made by Anderson and directing that the sale bond be canceled as satisfied was entered some two years before Mrs. Walters' present claim was asserted. The record shows that she was a party to the proceedings at that time and the order recites that she was personally present in court when the motion for discharge of the bond was heard. The order clearly was a final order and, no appeal having been taken from it, could be set aside only by proceedings under CR 60.02. There are no allegations here to warrant relief under that rule. Therefore the circuit court properly rejected the claim.

With respect to the claim of a deficiency in payment of the purchase price the judgment is affirmed; with respect to the dower claim the judgment is reversed with directions to enter judgment in conformity with this opinion.