Joyce C. **MATTINGLY**, Petitioner,

v.

Hon. W. R. **GENTRY**, Judge, Nelson Circuit Court, and Roger M. McMurray, Respondents.

Court of Appeals of Kentucky.

June 30, 1967.

As Modified on Denial of Rehearing
Nov. 3, 1967.

**746**

Lester H. Spalding, Robert M. Spragens, Lebanon, for petitioner.

E. E. Hubbard, Bardstown, W. R. Gentry, Bardstown, Judge, Nelson Circuit Court, pro se, for respondents.

PALMORE, Judge.

In McMurray v. McMurray, Ky., 410 S.W.2d 139 (1966), a conveyance of real estate to Joyce McMurray (now Mattingly) and her husband as tenants by the entirety was held voidable to the extent necessary to pay a debt of $12,200 owed by Joyce's deceased husband to his father at the time of the conveyance, subject however to the right of dower Joyce would have had if the title had run solely to the husband. On remand of the case a controversy developed over the meaning of our opinion in the light of KRS 392.020, the dower statute, which reads as follows:

"After the death of the husband or wife intestate, the survivor shall have an estate in fee of one-half of the surplus real estate of which the other spouse or anyone for the use of the other spouse, was seized of an estate in fee simple at the time of death, and shall have an estate for his or her life in one-third of any real estate of which the other spouse or anyone for the use of the other spouse, was seized of an estate in fee simple during the coverture but not at the time of death, unless the survivor's right to such interest has been barred, forfeited or relinquished. The survivor shall also have an absolute estate in one-half of the surplus personalty left by the decedent. Unless the context otherwise requires, any reference in the statutes of this state to 'dower' or 'curtesy' shall be deemed to refer to the surviving spouse's interest created by this section."

The property that was the subject of the litigation sold for $21,557.90. The widow, who brings this mandamus proceeding to enforce the mandate, cf. Logan v. Ward, Ky., 237 S.W.2d 526 (1951), takes the position that the statute gives her a one-half interest in the real estate before payment of the debt. The creditor (formerly her father-in-law) contends that the statute entitles her only to half of what is left after all the husband's debts, whether secured or unsecured, have been paid.

Prior to 1956 the dower interest in real estate was a life estate in one-third. Since 1956 it has been an absolute fee in half the surplus, with these exceptions: (1) if the widow renounces the husband's will her dower is reduced to what it was before the 1956 amendment (KRS 392.080); and (2) if at his death the husband was no longer seized of real estate held by him in fee simple during the marriage, and the wife had never relinquished or forfeited her inchoate dower interest, she is entitled to a one-third interest in such property for life (KRS 392.020).

Subject to these two exceptions we think it is clear that the sum and substance

of the 1956 amendment was to put real estate and personal property on exactly the same footing with respect to dower and curtesy. "Surplus" is "what is left after payment of funeral expenses, charges of administration, and debts." Towery v. McGaw, 22 K.L.R. 155, 56 S.W. 727 (1900).

■ The exceptions, however, reflect an unmistakable purpose to leave in the wife, as it had always been, an inchoate dower interest of which she could not be involuntarily deprived by any act of the husband or his creditors during his lifetime. This is the interest which we held in McMurray v. McMurray, Ky., 410 S.W.2d 139 (1966), cannot be disturbed by an action to set aside a fraudulent conveyance under KRS 378.020. Since the purpose of KRS 378.020 is to put the creditors back in the same position they would have enjoyed immediately prior to the voidable conveyance, they cannot reach what would have been the wife's inchoate dower interest *as of the same time*. That interest is a life estate in one-third. KRS 392.020. The creditor can get today only what he could have gotten then. Cf. Walters v. Anderson, Ky., 361 S.W.2d 31, 32 (1962).

■ As it developed, the property sold for $21,557.90, an amount amply sufficient to pay the $12,200 debt without impinging upon what would have been the commuted value of the dower, so the problem anticipated in our first opinion did not arise. However, the trial court's judgment was for $15,764.43, which represents the principal and interest accrued from January 1, 1960 (the date on which payment was demanded) to December 17, 1964, the date of the judgment. This was affirmed in McMurray v. McMurray, supra. In addition to the face amount of the judgment it also bears interest at 6% from its date of entry. See KRS 360.040. In view of the foregoing, there may not be sufficient money to pay the principal and all accrued interest after the dower is computed. Therefore, the trial court should in making distribution compute and pay petitioner her dower interest first then apply the balance to the satisfaction of the judgment and interest. If there are funds remaining after the judgment and interest is satisfied they should be turned over to petitioner as her property because to that extent the conveyance was not fraudulent and has not been set aside.

Mandamus denied.

All concur.