**Charles C. WINDSOR, Appellant,**

v.

**Marjorie Mansfield LEONARD et al.**

**No. 71–1863.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 14, 1972.

Decided Jan. 25, 1973.

Stanley Worth, Washington, D. C., for appellant.

Michael F. Curtin, Washington, D. C., filed a brief for appellees.

Before BAZELON, Chief Judge, TAMM, Circuit Judge, and HARRISON WINTER,* Circuit Judge for the Fourth Circuit.

## PER CURIAM:

D.C.Code § 19–113 entitles a surviving husband or wife to renounce his rights under his spouse's will and elect instead a statutory share "not to exceed one-half of the net estate bequeathed and devised by the will . . . ". This case raises a question as to what should be included in a decedent's "net estate" for purposes of determining the statutory share.

In May, 1969, Mrs. Virginia Windsor established a revocable trust and transferred to it assets worth some $190,000. The beneficiaries of the trust were various friends and charities. Mrs. Windsor died in December, 1970, leaving an estate valued at $110,000, exclusive of the amount in the trust. In her will, Mrs. Windsor left about 10 per cent of this estate to her husband, LCDR Charles C. Windsor, USN (ret.). LCDR Windsor has renounced his rights under the will and elected to take one-half of the "net estate". In this action. he claims the "net estate" should include not only the $110,000 passed by Mrs. Windsor's will but also the $190,000 constituting the trust corpus.

The District Court held that the trust assets should not be included in the "net estate". However, the court expressed a degree of uncertainty and asked the parties to "take it upstairs and get a controlling decision."

■ LCDR Windsor's primary argument is that the revocable trust would be included in Mrs. Windsor's estate for tax purposes. We need not pursue this point. The proper basis for deciding this case is not tax law but rather the Maryland case law on marital property rights. In enacting the D.C.Code provisions on marital rights, Congress made it clear that courts interpreting those provisions should follow precedents under the similar Maryland statute.[1]

■ Maryland Court of Appeals has set forth certain "controlling rules"[2] to be applied in determining whether or not an inter-vivos transfer is an improper circumvention of the marital rights of the surviving spouse. Obviously any transfer of property will decrease the statutory share of the spouse, but courts in Maryland and elsewhere[3] have been hesitant to set aside such transfers if they were made in good faith. To determine whether or not a particular transaction meets this test, the "controlling rules" are applied to the facts at hand.

---

* Sitting by designation pursuant to Title 28, U.S.C. § 291(a).

1. See H.R.Rep.No.679, 87th Cong., 1st Sess., p. 3, and S.Rep.No.822, 87th Cong., 1st Sess., p. 3. These reports concerned D.C.Code § 18–211, which was recodified as § 19–113 in 1965.

2. Gianakos v. Magiros, 234 Md. 14, 21, 197 A.2d 897, 905.

3. Annot., 39 ALR 3d 17.

These rules, as set forth in Whittington v. Whittington, 205 Md. 1, 106 A.2d 72, include:

— "completeness" of the transfer;

— motive for the transfer;

— participation by the transferee in the alleged fraud on the surviving spouse;

— amount of time between the transfer and death;

— degree to which the surviving spouse is left without an interest in the decedent's property or other means of support.

■ Applying these tests to Mrs. Windsor's trust, we find no basis for holding that the trust is an improper evasion of LCDR Windsor's statutory rights.

In creating the trust, Mrs. Windsor reserved, in addition to the power of revocation, the right to all income during her lifetime, the right to draw from principal, and the right to amend the terms of the trust. These powers, however, have not been held to render an otherwise valid transfer "incomplete" in cases such as this.[4] There is no evidence to indicate that Mrs. Windsor or the beneficiaries of the trust had any unusual or fraudulent motive for the transaction. Mrs. Windsor created the trust at the age of fifty-four, some 18 months before she died;[5] this is hardly the kind of "brink of death" transfer that might indicate bad faith on the part of the transferor. Finally, LCDR Windsor is left with a 50 per cent share in an estate exceeding $100,000 in addition to his personal holdings worth some $140,000.

We conclude that the assets of Mrs. Windsor's trust were properly excluded from her "net estate" in determining her husband's statutory share. The judgment of the District Court is accordingly

Affirmed.

---

4. Brown v. Fidelity Trust Co., 126 Md. 175, 94 A. 523 (1915); cf. Restatement (Second), Trusts, § 57.

5. Thus this case differs from Mushaw v. Mushaw, 183 Md. 511, 39 A.2d 465 (1944), where a 75-year-old heart attack victim created four trusts five days before his death.