Arthur N. ANDERSON, Jr., and Sue Anderson, his wife, Juanita A. McGee, single, Marjorie A. Johnson, single, Charles Thomas Anderson and Mrs. Charles Thomas Anderson, his wife, Appellants,

v.

Sara Steger ANDERSON, a widow, and Planters Bank and Trust Company, Executor of the Will of Arthur N. Anderson, Sr., Deceased, Appellees.

Court of Appeals of Kentucky.

June 15, 1979.

James G. Apple, Stites, McElwain & Fowler, Louisville, for appellants.

Pollard White, White & White, Hopkinsville, for appellees.

Before HAYES, REYNOLDS and VANCE, JJ.

VANCE, Judge.

Arthur Anderson, Sr. married Sara Steger Anderson in 1957. Both had been married previously and Mr. Anderson had four children from his first marriage. In 1975, he transferred approximately $47,000.00 into bank accounts held in joint tenancy with his children. Mr. Anderson died testate in 1977 and Sara Anderson elected to renounce the will and take her statutory share of her husband's estate. She then instituted this action in the circuit court seeking to have the $47,000.00 brought into the estate alleging that the transaction had defrauded her of marital rights. This appeal is prosecuted from the entry of summary judgment in her favor.

The appellants contend that the circuit court erred in finding that the transfer of funds into joint tenancies constituted a fraud on Sara's dower rights. It is their position that the inter vivos transfers were made in good faith with no intent to defraud Sara. Appellants assert that Sara was aware of the transfers at the time they were made, and even announced that she would not spend any of her money in support of Arthur if he became ill, and thus he wanted to make the money available both to himself and his children during his lifetime should he need it for his maintenance.

Appellants cite several recent cases from other jurisdictions which hold that a person may dispose of his property during his lifetime in any manner he sees fit, even though such disposition decreases the statutory share available to his spouse, so long as the disposition was not solely for the purpose of defeating the spouse's marital rights. See, for example, *Windsor v. Leonard*, 154 U.S.App.D.C. 348, 475 F.2d 932 (1973). These cases, however, do not reflect the law as it stands in the Commonwealth of Kentucky. In the case of *Martin v. Martin*, 282 Ky. 411, 138 S.W.2d 509 (1940), the Court noted that the decided weight of authority was that an absolute gift of personalty made during a person's lifetime was not a fraud upon the spouse's marital right even if made for the purpose of depriving the spouse of the right of sharing in such property, but that as to real estate, it was well settled that a conveyance made to prevent a spouse from securing marital rights therein was ineffectual for that purpose. The Court continued, "In our state, however, we find that no distinction is made between real and personal property." We are of the opinion that this Court is bound to follow the law of this Commonwealth as set out in the *Martin* decision:

> After a careful consideration of this question we are convinced of the soundness of the rule established in our court by the cases mentioned. We reaffirm the conclusion reached in those cases, namely, that a man may not make a voluntary transfer of either his real or personal estate with the intent to prevent his wife, or intended wife, from sharing in such property at his death and that the wife, on the husband's death, may assert her marital rights in such property in the hands of the donee. 282 Ky. at 422, 138 S.W.2d at 515.

Appellants insist that the transfers may be set aside only upon a showing that the motive for the transaction was to defeat Sara's marital right to a statutory share in the property. We are convinced that such a motive must be inferred from circumstances of this case. Appellants admit that Arthur wanted the money to be available in case he needed it for his health and maintenance during his lifetime, and yet he apparently did not want the money to become a part of his estate which was subject to Sara's marital rights. As stated in *Benge v. Barnett*, 309 Ky. 354, 217 S.W.2d 782 (1949):

> There are two ways by which the intent and purpose of one in performing an act may be established, (1) express testimony as to the fact of intent; and (2) by the acts and deeds of the one whose intent is the subject of inquiry. Under the latter method we have but little trouble in determining the intention of the testator in this case to defraud his wife of her distributable share of one-half of his personal estate. 309 Ky. at 359, 217 S.W.2d at 784.

The will gave to appellee less than she would have taken under the statutes of descent and distribution, and this in itself evidences some intention to deprive the wife of property she had a statutory right to claim. In addition, the gift to the children of at least three-fourths of his personal estate had the effect of disinheriting his wife as to that property. A man is presumed to intend the natural consequences of his acts, and where the effect of his acts is to disinherit his wife from such a substantial portion of his estate as was the case here, it would be unreasonable to infer that the gift to the children was made without an intention to disinherit the wife. Where only one reasonable inference may be drawn from the undisputed facts, summary judgment is proper.

The judgment is affirmed.

All concur.