RENDERED: AUGUST 5, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1622-MR

TERESA DOWELL INMAN
AND MARC INMAN                                                    APPELLANTS


                        APPEAL FROM HANCOCK CIRCUIT COURT
v.                      HONORABLE TIMOTHY R. COLEMAN, JUDGE
                        ACTION NO. 19-CI-00058


ESTATE OF KENNETH DOWELL BY
AND THROUGH VALERIE
DOWELL, EXECUTRIX; AMANDA
LEIGH HAGAN; CHRISTY LYNN
TURNHAM; USAA FEDERAL
SAVINGS BANK; AND VALARIE
DOWELL                                                             APPELLEES

AND


NO. 2021-CA-0016-MR

ESTATE OF KENNETH DOWELL BY
AND THROUGH VALERIE
DOWELL, EXECUTRIX; AMANDA
LEIGH HAGAN; CHRISTY LYNN
TURNHAM; AND VALARIE
DOWELL                                                        CROSS-APPELLANTS

v.                  HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 19-CI-00058


TERESA DOWELL INMAN AND
MARC INMAN                                          CROSS-APPELLEES



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Teresa Dowell Inman and Marc Inman bring Appeal No.

2020-CA-1622-MR and the Estate of Kenneth Dowell, by and through Valerie

Dowell, Executrix (the Estate), Amanda Leigh Hagan, Christy Lynn Turnham, and

Valerie Dowell bring Cross-Appeal No. 2021-CA-0016-MR from a November 24,

2020, Findings of Fact and Conclusions of Law of the Hancock Circuit Court.  We

affirm both Appeal No. 2020-CA-1622-MR and Cross-Appeal No. 2021-CA-0016-

MR.

Kenneth Dowell was a resident of Hancock County, Kentucky, and

died on April 25, 2018.  At the time of his death, Kenneth was married to Valerie

Dowell.  Both Kenneth and Valerie had children before the marriage.  Relevant

herein, Kenneth had a daughter – Teresa Dowell Inman, and Valerie had two

daughters – Christy Lynn Turnham and Amanda Leigh Hagan.

Before his death, Kenneth and Valerie executed separate mutual wills on January 18, 2002. Therein, both Kenneth and Valerie devised his or her one-half undivided interest in a farm located in Hancock County to their respective children. So, in Valerie's will, she bequeathed her one-half undivided interest in the farm to Christy and Amanda. And, in Kenneth's will, he bequeathed his one-half undivided interest in the farm to Teresa. In both wills, Kenneth and Valerie "agreed to waive and relinquish any claim in and to the interest of the other [in the farm], including dower or curtesy." Kenneth's will at 2.

On August 10, 2018, Valerie filed a petition to probate Kenneth's will in the Hancock District Court, and by order entered August 15, 2018, Valerie was appointed executrix of the Estate. Valerie, as surviving spouse of Kenneth, then filed a Notification of Intent to Renounce Will. Therein, Valerie stated that she released any devise under the will and intended to claim her dower interest in the farm. Kentucky Revised Statutes (KRS) 392.080; KRS 392.020. In her capacity as executrix, Valerie then filed a motion to sell real property of the estate in order to satisfy outstanding debts of the Estate. The only real property available was the farm. Teresa filed a motion objecting to the sale of the farm. Nonetheless, the district court granted Valerie authority to sell the farm in a June 5, 2019, order.[1]

---

[1] Kenneth Dowell's will did not grant Valerie Dowell, as executrix, the authority to sell real property of the estate.

Thereafter, Teresa and her husband, Marc, filed an adversarial complaint in the Hancock Circuit Court challenging the sale of the farm as contrary to the terms of Kenneth's will and as contrary to law. An answer and counterclaim were filed. In the counterclaim, the Estate, Christy, Amanda, and Valerie stated that Valerie owned an undivided one-half interest in the farm and that Teresa was devised an undivided one-half interest in the farm by Kenneth's will. They pointed out that Valerie had filed a notification of her intent to renounce the will and, as such, was entitled to her dower interest in the undivided one-half interest devised to Teresa. Additionally, in the counterclaim, the Estate, Christy, Amanda, and Valerie stated that a $49,000 mortgage encumbered the farm and that Valerie had made the $929 monthly payments since Kenneth's death; Valerie had also paid the insurance premiums, property taxes, and other sums for property maintenance. The Estate, Christy, Amanda, and Valerie sought to have the farm sold as a whole in order to pay the debts of the estate, and Valerie sought to recoup one-half of all expenses she paid related to the farm since Kenneth's death from Teresa's share of the farm proceeds.

The circuit court heard the action without a jury per Kentucky Rules of Civil Procedure (CR) 52.01. By Findings of Fact and Conclusions of Law entered November 24, 2020, the circuit court concluded that Valerie had waived her dower interest in the farm through her and Kenneth's mutual wills. The circuit

-4-

court determined that Teresa was devised an undivided one-half interest in the farm by Kenneth's will. However, the court also believed that the personal property of Kenneth's estate was insufficient to pay the estate's debts. The court ordered that the farm should be sold as a whole and that Valerie was to be "reimbursed from the sale proceeds for mortgage payments, insurance, lawn maintenance and property taxes made on behalf of the estate and for the benefit of the joint interests of the parties in the Farm Property." Findings of Fact and Conclusions of Law at 6.

Teresa and Marc timely filed a Notice of Appeal (Appeal No. 2020-CA-1622-MR) and the Estate, Christy, Amanda, and Valerie filed a Notice of Cross-Appeal (Cross-Appeal No. 2021-CA-0016-MR) from the November 24, 2020, Findings of Fact and Conclusions of Law. To aid in the disposition of these appeals, we shall initially address Cross-Appeal No. 2021-CA-0016-MR and then address Appeal No. 2020-CA-1622-MR.

To begin, under CR 52.01, the circuit court is required to separately set forth its findings of fact and conclusions of law. The circuit court's findings of fact are only set aside if clearly erroneous, and we review issues of law *de novo*. *Ky. Props. Holding, LLC v. Sproul*, 507 S.W.3d 563, 568 (Ky. 2016). The credibility of witnesses and weight of the evidence are within the sole province of the trial court, as fact-finder. *Id.* at 568. Our review proceeds accordingly.

-5-

The Estate, Christy, Amanda, and Valerie contend that the circuit court improperly concluded that Valerie waived her dower interest in the farm and was not entitled to such interest in the undivided one-half interest in the farm devised to Teresa by Kenneth's will. They argue that the circuit court erred by determining that the mandates of KRS 394.540 were established:

> The wills make no mention of the consideration which is a contractual requirement. Even when assuming without admitting that an agreement existed, no language in the will states that any agreement is irrevocable nor does the language of the will restrict Mrs. Dowell's right to renounce the will. Under KRS 394.540 irrevocability is not presumed. . . .
>
> [W]hile Appellants argue the existence of a will contract, no such contract exists. To have a will contract the material provisions of the contract must be stated in the will, or express reference in a will to a contract and extrinsic evidence providing the terms of the contract, or a writing signed by the decedent evidencing the contract. KRS 394.540. Here, we have none of those. In this case, we have nothing more than reciprocal wills. . . .

Appellees'/Cross-Appellants' Brief at 12, 15.

Kenneth's will read, in relevant part:

**ARTICLE III**

> My farm, mentioned above, is owned by me and my wife, **Valerie Dowell**, as tenants in common. My wife and I have agreed that upon our deaths our interest in the farm will go to our respective children. Therefore, I give and bequeath my interest (which is an undivided

one-half (1/2) interest) to my daughter, **Teresa Susan Dowell Inman**.  I understand and agree that my wife is this date executing her Last Will and Testament, pursuant to our agreement, in which she is making a bequest of her interest in the farm to her two (2) children, **Christy Lynn Turnham** and **Amanda Leigh Hagan**, and each of us have agreed to waive and relinquish any claim in and to the interest of the other, including dower or curtesy.

Kenneth's will at 1-2.  And Valerie's will[2] read, in relevant part:

## ARTICLE III

My farm, mentioned above, is owned by me and my husband, **Kenneth D. Dowell**, as tenants in common.  My husband and I have agreed that upon our deaths our interest in the farm will go to our respective children.  Therefore, I give and bequeath my interest (which is an undivided one-half (1/2) interest) to my daughters, **Christy Lynn Turnham** and **Amanda Leigh Hagan**.  I understand and agree that my husband is this date executing his Last Will and Testament, pursuant to our agreement, in which he is making a bequest of his interest in the farm to his daughter, **Teresa Susan Dowell Inman**, and each of us have agreed to waive and relinquish any claim in and to the interest of the other, including dower or curtesy.

Valerie's will at 1-2.

In its November 24, 2020, Findings of Fact and Conclusions of Law, the circuit court believed that Kenneth and Valerie had entered into a mutually binding contract waiving their respective dower or curtesy interest in the farm.  In reaching this conclusion, the circuit court focused on the language of the wills.

---

[2] At the hearing, Valerie testified that she had executed a new will after Kenneth's death.

The circuit court also determined that "[t]he elements of KRS 394.540 were met. Each party received consideration receiving reciprocal benefits and burdens under the terms of their agreement establishing a mutuality of obligation." Findings of Fact and Conclusions of Law at 4.

In Kentucky, a wife or husband may voluntarily enter into an agreement or contract waiving or relinquishing their respective dower and curtesy interest in real property. KRS 392.020; *King v. King*, 274 S.W.2d 656, 658 (Ky. 1954). In this case, it is uncontroverted that both Kenneth and Valerie simultaneously executed their respective wills on January 18, 2002. Concomitantly therewith, Kenneth and Valerie also executed a deed transferring the farm to themselves as tenants-in-common. Moreover, the language in both Kenneth's and Valerie's wills is clear and unambiguous – Kenneth and Valerie agreed to "waive and relinquish" their respective dower/curtesy interest in the farm. The consideration for the agreement was the waiver itself. Either Kenneth's child (Teresa) or Valerie's children (Christy and Amanda) would take a one-half undivided interest in the farm unburdened by the surviving spouse's dower/curtesy interest. So, had Valerie predeceased Kenneth, Christy and Amanda would have taken Valerie's one-half undivided interest in the farm free of Kenneth's curtesy interest. Considering the clear language in the wills, we conclude that the elements of a valid contract were satisfied and that a contract existed between Kenneth and

Valerie wherein both waived their respective dower/curtesy interest in the farm. *See Energy Home, Div. of S. Energy Homes, Inc. v. Peay*, 406 S.W.3d 828, 834 (Ky. 2013). As a result, we hold that Valerie contractually waived her dower interest in the farm and that the circuit court did not commit reversible error by concluding the same.[3] *See Harris v. Rock*, 799 S.W.2d 10, 12 (Ky. 1990).

We view any remaining contentions of error as moot or without merit.

Appeal No. 2020-CA-1622-MR

Teresa and Marc assert that the circuit court improperly ordered the farm sold in contravention of the terms of Kenneth's will. They also argue that it was not established that Kenneth's estate lacked sufficient personal property to pay the debts of the estate under KRS 395.515. Additionally, Teresa and Marc point out that Valerie was the beneficiary on Kenneth's life insurance policies totaling $140,000. Teresa and Marc maintain that Kenneth made Valerie the beneficiary of the life insurance policies so that she would have sufficient funds to pay the debts of the estate, including the mortgage on the farm.

As to Kenneth's will, we have examined its terms, and the will does not prohibit the sale of the farm. In fact, there are simply no provisions in the will relating to the sale of the farm. As a consequence, we agree with the circuit court

---

[3] We do not reach the issues surrounding application of Kentucky Revised Statutes 392.080 and 394.540; we merely hold that Kenneth and Valerie entered into a valid contract with the intent to waive his or her dower/curtesy interest in the farm, thus making the renunciation of the will moot as concerns the farm.

-9-

that Kenneth's will does not prohibit the sale of the farm. This Court acknowledges that real property is not a probatable asset of the Estate, unless otherwise specifically provided for by a testator in his will. *Wood v. Wingfield*, 816 S.W.2d 899, 902 (Ky. 1991). For example, a testator could provide that all real property owned by the testator be sold by the executor with the proceeds to be distributed to the beneficiaries therein. However, KRS 395.515 clearly provides that real property may be ordered sold by the court to pay debts of the estate if the personal property of the estate is not sufficient to satisfy those debts.

As concerns the debts of the estate, it is uncontroverted that a mortgage of $33,557 encumbered the farm as of March 9, 2021. Before the spousal exemption set forth in KRS 391.030 was distributed, the value of the personal assets of the estate totaled $16,850. The estate also incurred expenses related to the preservation and upkeep of the farm – mortgage payments, property insurance, lawn maintenance, repairs and property taxes. Additionally, Kenneth's funeral bill totaled $7,122 and a headstone was $2,600. The circuit court found that the personal property of Kenneth's estate was insufficient to pay the debts of the estate. Based upon the above, we are convinced that substantial evidence supported this finding and that the circuit court did not err.

And, as to Kenneth's life insurance policies with Valerie named as the beneficiary, it is well-settled that if a life insurance policy "is payable to an

-10-

individual beneficiary, it constitutes no part of the insured's estate." *Parks Ex'rs v. Parks*, 156 S.W.2d 480, 483 (Ky. 1941). Thus, the life insurance proceeds are not included in Kenneth's estate and are not available to pay debts of the estate.

Teresa and Marc also argue that the circuit court improperly ordered that the whole farm be sold. Rather, Teresa and Marc maintain that only a portion of the farm needed to be sold to satisfy the estate's debts. Teresa and Marc point to KRS 395.510 and believe the circuit court should sell only the amount of real property necessary to satisfy the debts of the estate. Teresa and Marc argue that a farm is "easily divisible" and only a portion thereof is needed to be sold to satisfy the estate's debts. Teresa and Marc's Brief at 18.

KRS 395.510 provides:

(1) A representative, legatee, distributee or creditor of a deceased person may bring an action in circuit court for the settlement of his estate provided that no such suit shall be brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.

(2) The representatives of the decedent, and all persons having a lien upon or an interest in the property left by the decedent, or any part thereof, and the creditors of the decedent, so far as known to the plaintiff, must be parties to the action as plaintiffs or defendants.

In its November 24, 2020, Findings of Fact and Conclusions of Law, the circuit court concluded that the entire farm should be sold:

-11-

22. The next step is to determine whether the Farm Property should be sold in whole or in part; The Plaintiffs argue that only a portion of the property should be sold, contrary to the Defendant's position that the entire property should be sold;

23. To support their position, the Plaintiffs offered the Testimony of Scott Wise. Mr. Wise appraised the property and testified that he believed that the property could be sold in parcels, but was not requested to make a specific recommendation as to what could or should be sold to pay the estate's debts. Mr. Wise could not recommend a division [that] would not impact or impair the value of remaining unsold property. Mr. Wise noted that access to the property was limited which would impact the ability to parcel the property;

24. The Defendants offered the testimony of Charles King, who testified that he was familiar with the subject property for [a] long time and was involved in the sale of a portion [of] it to Mr. Dowell Dowell [sic]. He stated that the property has access through a bridge but does not have any other access to his knowledge. He testified that [he] does not believe that the property could be divided, would require a survey costing approximately $20,000 and would significantly harm the value of remaining property;

25. Based upon the costs of dividing the Farm Property, and the negative impact that division would cause to the remaining property, the Court hereby finds that the Farm Property shall be sold in whole.

Findings of Fact and Conclusions of Law at 5.

Considering the testimony of appraiser King, we believe substantial evidence supported the trial court's findings that the farm would be negatively

impacted and additional costs would be incurred if the farm were not sold as a whole. These findings are not clearly erroneous, and thus, we cannot conclude that the circuit court improperly ordered the sale of the entire farm pursuant to KRS 395.510.

For the foregoing reasons, we affirm both Appeal No. 2020-CA-1622-MR and Cross-Appeal No. 2021-CA-0016-MR.

ALL CONCUR.

BRIEF AND ORAL ARGUMENT
FOR APPELLANTS/CROSS-
APPELLEES:

Stephen G. Hopkins
Hardinsburg, Kentucky

BRIEF FOR APPELLEES/CROSS-
APPELLANTS ESTATE OF
KENNETH DOWELL BY AND
THROUGH VALERIE DOWELL,
EXECUTRIX; CHRISTY LYNN
TURNHAM; AMANDA LEIGH
HAGAN; AND VALERIE DOWELL:

Paul L. Madden, Jr.
Daniel T. Boling
Hawesville, Kentucky

ORAL ARGUMENT FOR
APPELLEES/CROSS-APPELLANTS
ESTATE OF KENNETH DOWELL
BY AND THROUGH VALERIE
DOWELL, EXECUTRIX; CHRISTY
LYNN TURNHAM; AMANDA
LEIGH HAGAN; AND VALERIE
DOWELL:

Paul L. Madden, Jr.
Hawesville, Kentucky